# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| Plaintiff, | ) | Case No. 2:05CR00026 |
| v. | ) | **OPINION** |
| **THERESA JANE HEAD**, | ) | By: James P. Jones |
|  | ) | Chief United States District Judge |
| Defendant. | ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Theresa Jane Head, Pro Se.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). Upon review of the record, I find that the government's Motion to Dismiss must be granted.

I

Theresa Jane Head was first charged in an Indictment issued December 8, 2004, with conspiracy and distribution related to trafficking in oxycodone.[1] *United States v. Head*, 2:04CR00006 ("2004 case"). The court appointed attorney William E. Bradshaw to represent her in that case. Head pleaded guilty to the conspiracy charge, pursuant to a written plea agreement, on March 31, 2005. Because of the small quantity of drugs for which she was to be held responsible and because she was a first time offender, according to Bradshaw, she was eligible to receive probation

---

[1] This Indictment spelled the defendant's first name as "Teresa," but in the present case, she is named as "Theresa," which is how she spells and signs her first name.

rather than prison time. She was scheduled to be sentenced in late August 2005. However, on August 17, 2005, she was arrested on a new drug trafficking charge, her pretrial release was revoked, and her sentencing in the 2004 case was postponed. Sentencing in that case occurred on November 15, 2005, when I sentenced Head to 21 months imprisonment.

The initial Indictment in the instant case, issued August 16, 2005, charged Teresa Jane Head with distribution of oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C.A. § 841(a)(1) and (b)(1)(C) (West 2000 & Supp. 2008). The court again appointed Bradshaw to represent her. Counsel filed a Motion to Suppress certain evidence; I conducted a hearing on the matter and denied the motion on December 19, 2005. After the trial in the case was continued several times, a fifteen-count Superseding Indictment issued on January 17, 2006, charging Head with additional counts of distribution of oxycodone, several of which allegedly occurred while she was on pretrial release in the 2004 case, and obstruction of justice based on false testimony she gave during the sentencing hearing in the 2004 case. On April 24, 2006, Head stood trial before a jury and was convicted on Counts 1 through 12 of the Superseding Indictment.[2] I conducted a sentencing hearing an January 18, 2007, and sentenced her to a total term of 151 months imprisonment, consisting of 103 months as to each of Counts 1, 3, 5, 7, 9, 10, 11 and 12, to be served concurrently, and 12

---

[2] Upon the government's motion, I dismissed Counts 13, 14, and 15 of the Superseding Indictment before trial.

months as to each of Counts 2, 4, 6, and 8, to be served consecutively to the prior counts.

Head appealed, but later moved for voluntary dismissal of the appeal. She filed this § 2255 motion on May 12, 2008, asserting that trial counsel provided ineffective assistance in that (a) he failed to move for continuance of sentencing; (b) he had a conflict of interest; and (c) he failed to challenge the drug amount at sentencing and failed to call witnesses that the defendant requested regarding drug amount. The government has filed a Motion to Dismiss, supported by Bradshaw's six-page affidavit detailing the course of his representation of Head in this case. Head has responded, making the matter ripe for disposition. In her response, Head adds a fourth claim (d), alleging that counsel failed to prepare her to testify at the sentencing hearing for the 2004 case. Upon review of the record and pleadings, I find that the Motion to Dismiss must be granted as to Claims (a), (b), and (c), and that Claim (d) must be summarily dismissed as without merit.

II

To state a claim for relief under § 2255, a federal defendant must prove that one of the following occurred: (1) her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such a sentence"; or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In a § 2255 motion, the defendant bears the burden of proving grounds for a collateral

attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir.1958) (per curiam). A habeas petitioner is "entitled to an evidentiary hearing only to resolve disputed issues of material fact," and therefore, will not warrant a hearing unless he first presents "a colorable claim to relief by showing that the alleged additional facts, if true, would at least arguably compel the granting of the writ." *Poyner v. Murray*, 964 F.2d 1404, 1422 (4th Cir. 1992) (internal quotations and citations omitted).

To prove that counsel's assistance at trial or sentencing or on appeal was so defective as to require reversal of her conviction or sentence, petitioner must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, petitioner must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Id.* at 687-88. Petitioner must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689. Second, to show prejudice, petitioner must demonstrate a "reasonable probability" that but for counsel's errors, the result reached by a reasonable and impartial fact finder would have been different. *Id.* at 694-95. If it is clear that petitioner has not satisfied one prong of the *Strickland* test, the court need not inquire whether he has satisfied the other prong. *Id.* at 697.

- 4 -

A. CONTINUANCE OF SENTENCING.

In Claim (a), Head asserts that Bradshaw "forced" her to be sentenced in the 2004 case "rather than trying to work out a new deal" in conjunction with the new drug charges.[3] Head asserts that counsel's action "significantly increased [her] sentencing guidelines" in the 2004 case because her criminal history category increased. Head apparently argues that counsel should have attempted to negotiate a plea deal on the new charges in which she received no increase in her sentence, based on the new criminal charges. Head fails to allege any facts indicating that the government would have been open to any sort of "deal" requiring that her new charges not be considered in the calculation of an appropriate sentence on the 2004 conviction. Moreover, she fails to contradict counsel's affidavit statement that "Head refused to consider plea negotiations in the 2005 Case." Counsel further stated, "There was no 'new deal' to work out in the 2004 Case. Head had admitted selling controlled substances while on bond and the court took account of this fact in its sentencing in the 2004 Case." Head fails to demonstrate any reasonable likelihood

---

[3] This claim is also untimely. Here, Head challenges the sentence she received in the 2004 case, while the remainder of her claims in this § 2255 action concerns the 2005 case. Judgment was entered in the 2004 case on December 15, 2005. Her conviction became final on December 29, 2005, upon expiration of her ten-day opportunity to file a notice of appeal. She did not bring this § 2255 claim until May 2008, more than three years after her conviction in the 2004 case became final. Therefore, the claim was filed outside the one-year filing period mandated under § 2255(f)(1). Because I did not notify Head that the claim was untimely or give her an opportunity to demonstrate any possible grounds for equitable tolling, however, I will not dismiss the claim on this ground. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) (finding that district court must ordinarily notify habeas petitioner and grant opportunity for her to present defenses before summarily dismissing petition as untimely under 28 U.S.C.A. § 2244(d)); *United States. v. Brouwer,* 34 F. App'x 924, 925 (4th Cir. 2002) (applying *Hill* notification requirement in § 2255 action).

that absent counsel's alleged error, the outcome at sentencing on the 2004 charge would have been different. Because this claim fails under the prejudice prong of *Strickland*, I will grant the Motion to Dismiss as to Claim (a).

### B. CONFLICT OF INTEREST.

A habeas petitioner may demonstrate grounds for habeas relief if she shows that defense counsel had an actual conflict of interest that adversely affected the lawyer's performance on petitioner's behalf. *Cuyler v. Sullivan*, 446 U.S. 335, 349 (1980). Because prejudice is presumed in such circumstances, petitioner need not demonstrate prejudice under *Strickland*. *Id.* at 349-50. Specifically, petitioner must establish, by a preponderance of the evidence, (1) that a plausible alternative defense strategy existed that counsel might have pursued, a strategy that was objectively reasonable under the facts of the case known to counsel at the time of his tactical decision, and (2) that counsel's failure to pursue the alternative strategy was linked to a conflict of legal interests. *Mickens v. Taylor*, 240 F.3d 348, 361 (4th Cir. 2001), *aff'd* 535 U.S. 162 (2002). Put another way, if petitioner can show that "but for the attorney's actual conflict of interest, there is a [reasonable] likelihood that counsel's performance somehow would have been different," he proves that the conflict had adverse impact. *Stoia v. United States*, 109 F.3d 392, 395 (7th Cir. 1997) (internal quotations and citations omitted).

Head alleges that after she was arrested on the new charges in 2005, she asked Bradshaw to withdraw, but he refused to tell the judge that she wanted another attorney. Instead, he wrote Head a long letter, explaining that she would be going to

- 6 -

jail for a long time. She asserts that Bradshaw seemed to take personally the fact that the new offenses occurred on the day she was released on bond. She is apparently asserting that because of the personal conflict between Bradshaw and herself, Bradshaw did not advise her properly before she testified, did not call witnesses or otherwise challenge the government's evidence regarding the drug amount, and was hostile to her.

Bradshaw asserts that he did inform the court on December 19, 2005, at the suppression hearing and again at the preliminary hearing that Head wanted new counsel. (Bradshaw Aff. ¶ 15.) He does not remember writing her a hostile letter, but agrees that he probably did tell her "on numerous occasions after the arrest in the 2005 Case that she was in serious trouble and was likely to receive a lengthy sentence if convicted, which appeared virtually certain in view of her lengthy and detailed confession to the government's agent." (*Id.*) He further states:

> I believe that I thoroughly researched every issue in the case and did as good a job as could have been done representing Head in the 2005 Case, especially given that she had fully confessed to selling controlled substances while on bond in the 2004 Case, had lied during her sentencing hearing in the 2004 Case and that a veritable parade of witnesses had testified to her extensive drug distribution since her release on bond.

(*Id.* at ¶ 17.)

I cannot find that Head has alleged facts stating a viable claim that counsel had actual conflicts of interest. She does not indicate any legal interest on Head's part that was adverse to her case. At most, she asserts that a personal conflict arose between them that negatively affected counsel's trial strategy choices. I see no

- 7 -

evidence in support of this conclusory assertion. On the contrary, the record reflects that Bradshaw actively represented his client in the face of the government's extensive evidence of her offense conduct. He moved to suppress her statements to police after her 2005 arrest. At trial, he objected to the government's evidence on several grounds, including lack of expert scientific opinion as to the identity of the drugs involved, the inherent unreliability of the witnesses, and the lack of a proper chain of custody of the drugs. Head simply fails to present any specific witness, testimony, or documentation that counsel might have used to defend the case any more successfully, but failed to use because of the alleged personal conflict between them. Accordingly, Head does not demonstrate that their alleged conflict had any adverse effect on her defense so as to state a conflict of interest claim. I will grant the Motion to Dismiss as to Claim (b).

### C. CHALLENGING THE DRUG AMOUNT.

Head complains that she was sentenced for "a huge amount of drugs that no one even found and people never testified about." She faults counsel for failing to challenge the drug amount in the Presentence Investigation Report ("PSR") as she asked, failing to investigate witnesses she wanted to challenge the drug amount at sentencing, and failing to "cross-examine the witnesses that the Probation Officer had, supposedly, talked to" in preparing the PSR. Head asserts that the PSR relies on out-of-court statements that were "very weak and vague." Yet, Head fails to present any specific witness, testimony, or other evidence that counsel would have uncovered through additional investigation or cross-examination or how any such evidence

- 8 -

would have refuted the government's evidence on drug amounts. Accordingly, she fails to carry her burden to show that counsel's strategic choices were professionally unreasonable or that different choices might have resulted in a different outcome at sentencing. Her claim fails under *Strickland*, and I will grant the Motion to Dismiss accordingly as to Claim (c).

### D.  ADVICE ABOUT TESTIMONY AT SENTENCING.

In this claim, Head is apparently trying to blame counsel for the fact that she lied under oath during the sentencing hearing in the 2004 case, thereby committing new obstruction of justice offenses for which she was indicted in the 2005 case under challenge here. She says that counsel should have informed her that the government would likely ask her questions relating to the new criminal charges and that he should have objected to such questions.

Because this claim was first presented in Head's response to the Motion to Dismiss, counsel did not have opportunity to respond directly to it. He does state in his affidavit, however, that he believed Head's drug sales while on bond were proper evidence to be considered in the sentencing on the 2004 case. I agree. Counsel cannot be faulted for failing to object to proper questions on conduct relevant to the sentencing determination. Accordingly, she fails to show prejudice, and I will summarily dismiss Claim (d) as without merit.

- 9 -

Case 2:05-cr-00026-JPJ-RSB   Document 145   Filed 11/12/08   Page 9 of 10   Pageid#: 467

III

In conclusion, I find that the defendant fails to present allegations stating any ground for relief under § 2255. I will, therefore, grant the Motion to Dismiss as to Claims (a), (b), and (c), and will summarily dismiss Claim (d).

A separate Final Order will be entered herewith.

ENTER: November 12, 2008

/s/ JAMES P. JONES
Chief United States District Judge